UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

KAY GEARHART,

 Plaintiff,

v.

BELK, INC.,

 Defendants.

CIVIL ACTION NO.
2-18-cv-193-RWS

# **O R D E R**

This case is before the Court on Defendant Belk, Inc.'s Motion for Summary Judgment [19]. The Court has reviewed the record, and, for the reasons below, Belk's Motion is **GRANTED**.

## Background

In this slip-and-fall case, Gearhart claims that the slick tile floor in the Belk department store at her local mall was a hazard that caused her to fall and injure herself. Though Gearhart herself could not remember what caused her fall, and no one saw any unusual substance on the floor, her husband, who arrived a few minutes later, ran his hand along the floor and found it to be slick.

Before she fell, Gearhart had not seen any employees in the area. Previously, Gearhart had visited the Belk store dozens, if not hundreds of times, all without incident. Belk hired an expert who tested the floor at a later date and determined that it surpassed appropriate standards for slickness.

## Discussion

### I. Legal Standard

The standard for summary judgment is well-established. Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is improper, however, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 720 (11th Cir. 2019).

The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. Id. at 324-26.

## II. Analysis

Under Georgia law,[1] a slip-and-fall plaintiff must establish more than a fall on a slick surface to survive summary judgment. Glynn-Brunswick Mem'l Hosp. Auth. v. Benton, 693 S.E.2d 566, 568–69 (Ga. Ct. App. 2010). In Glynn-Brunswick Mem'l Hosp., the Georgia Court of Appeals faced facts very similar to these: a plaintiff fell on a tile floor; she felt the floor after falling and determined it was slick; but she could not identify any water or foreign substance on the floor. Id. at 567–68. The court explained, under the relevant legal principles, why the plaintiff failed to establish her case:

> Although an owner or occupier of land has a statutory duty to keep its approaches and premises in a reasonably safe condition for invitees . . . an owner or occupier of land is not an insurer of the safety of its invitees. Thus, *the threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises*. Proof of a fall, without more, does not create liability on the part of a proprietor or landowner, because it is common knowledge that people fall on the best of sidewalks and floors. Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven.
>
> To create a question of fact as to the existence of a hazardous condition, *a plaintiff cannot rely upon speculation and she must prove more than the existence of a slick or wet floor*. Guesses or speculation which raise merely a conjecture or possibility of a hazardous condition are not

---

[1] A federal court sitting in diversity applies the substantive law of the state in which the case arose. Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132–33 (11th Cir. 2010).

> sufficient to create even an inference of fact for consideration on summary judgment. *Rather, the plaintiff must produce evidence of what foreign substance, condition, or hazard caused her to slip and fall.* This Benton has failed to do.

Id. at 568–69 (internal citations omitted) (emphasis added).

The exact same analysis applies here, with the same result. Although Ms. Gearhart alleged in her Complaint that she fell due to a "slippery slick substance" on the floor [Dkt. 1-1 at ¶ 5], the evidence does not show that there was any substance—only that, according to her husband, the floor itself was slick. Indeed, Ms. Gearhart's entire case rests on her husband's basic assertion in his deposition that "I ran my hand across the floor, and it was just real slick . . . I didn't see anything there except it was slick and smooth." [Dkt. 19-3 at 12:2–13:8].[2] This is insufficient to establish a hazard, which defeats her claim.

Even if Gearhart could show that the slick floor was a hazard, her claim would still fail. In a slip-and-fall, "[t]he plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked

---

[2] In her brief, Gearhart refers to "another person on the scene" who shared Mr. Gearhart's assessment, but that evidence is inadmissible hearsay and so does not bear on the summary judgment determination. See Jones v. UPS Ground Freight, 683 F.3d 1283, 1293–94 (11th Cir. 2012).

4

knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." Am. Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 28 (Ga. 2009). Here, however, Gearhart has not put forth any evidence concerning Belk's knowledge of a hazard.

Gearhart notes correctly that "[c]onstructive knowledge can be established in one of two ways: by evidence that an employee was in the immediate area of the hazard and could easily have discovered and removed it, or by showing that the owner did not use reasonable care in inspecting the premises." Lamar v. All Am. Quality Foods, Inc., 746 S.E.2d 665, 669 (Ga. Ct. App. 2013). But she does not satisfy either method. As to the first, the only evidence about the matter was that Gearhart saw no employees in the area before falling. [Dkt. 19-2 at 56].

As for the second method, Gearhart argues that Belk failed to address its policies and procedures, thus creating a fact issue. But her argument misstates the burden under Celotex, 477 U.S. at 325. Once Belk established that the record *lacked* evidence of Belk's knowledge of a hazard, it fell to Gearhart to adduce evidence to support her claim that Belk's had constructive knowledge.[3] See, e.g., Guevara., 920 F.3d at 723 (11th Cir. 2019) ("Guevara has failed to adduce

---

[3] Gearhart requested information about prior incidents at Belk. [Dkt. 1-1 at 4, ¶¶ 15–16]. But the record contains no evidence about any such incidents or about Belk's policies.

5

evidence proving that NCL had actual or constructive notice that the subject lightbulb was out on the night that Guevara fell."). That she failed to do. Therefore, even if she had shown a hazard, still she could not prevail.

## Conclusion

For the reasons above, Belk's Motion for Summary Judgment [19] is **GRANTED**. The case is hereby **DISMISSED**.

**SO ORDERED** this 15th day of November, 2019.

_____
**RICHARD W. STORY**
United States District Judge